## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JERRY KLEISS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE, )<br>)<br>Defendant. ) | Case No.   11-1215 |

# O R D E R  &  O P I N I O N

On June 6, 2011, Plaintiff, proceeding *pro se*, filed a Complaint with this Court seeking an order staying the ongoing state court criminal proceedings against him.  (Doc. 1).  While it appears that Plaintiff's claims arise under 42 U.S.C. § 1983, based upon his allegations that the state laws under which he is being prosecuted violate his due process and equal protection rights,[1] it is unclear to the Court who Plaintiff seeks to name as a defendant in this matter.  (Doc. 1 at 4).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provide that a Complaint must contain a "short and plain statement of [Plaintiff's] claim, showing that [Plaintiff] is entitled to relief."  Such pleading is required in order to allow for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Plaintiff also fails to allege what law he is being prosecuted under.  Because he alleges that he has been charged with "3 counts of child pornography" the Court presumes he is being charged under 720 ILCS 5/11-20.1, however this is neither clear nor controlling upon the instant disposition of the matter.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). Where the Plaintiff has named no defendant in his Complaint, the Court is unable to make such a determination.

Moreover, Rule 10(a) of the Federal Rules provides that "[t]he title of the complaint must name all the parties . . ." While *pro se* Complaints are to be construed liberally, where Plaintiff has named no party as a Defendant, the Court cannot determine whether any party is properly liable to Plaintiff pursuant to his cause of action. Nor can the Court determine who Plaintiff is seeking to enjoin. In addition, the Court cannot provide proper notice to any party that an injunction is being sought against it, and no person will be able to potentially defend the suit. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may submit an Amended Complaint in which he properly names any/all parties whom he seeks to enjoin in his cause of action.[2] The Court DEFERS ruling on Plaintiff's Motion to Proceed in forma pauperis (Doc. 2), until such time as Plaintiff files his Amended Complaint. IT IS SO ORDERED.

Entered this 8th day of June, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[2] Allowing Plaintiff to file an Amended Complaint does not in any way suggest or indicate that Plaintiff's purported claim has merit.